UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PETER S. HERRICK'S CUSTOMS AND
INTERNATIONAL TRADE
NEWSLETTER,

    Plaintiff,

    v.                                      Civil Action No.  04-00377 (JDB)

U.S. CUSTOMS AND BORDER
PROTECTION,

    Defendant.

## MEMORANDUM OPINION

Plaintiff Peter S. Herrick's Customs & International Trade Newsletter ("Herrick's") submitted a Freedom of Information Act ("FOIA") request to defendant U.S. Customs & Border Protection Bureau ("Customs") in late February 2003, requesting a copy of Customs' <u>Fines, Penalties & Forfeitures Handbook,</u> or equivalent material.  Customs initially withheld all 351 pages of the pertinent publication, entitled <u>Seized Asset Management Enforcement Procedures Handbook</u> ("SAMEPH"), claiming exemption from disclosure under 5 U.S.C. § 552(b)(2).  In response to Herrick's written appeal, Customs acknowledged that portions of SAMEPH could be released.  The ultimate result was that:  (1) seventy-eight pages were fully withheld; (2) 180 pages were released with partial redactions; and (3) ninety-three pages were released in their entirety.  Customs describes SAMEPH as an internal publication that "consolidates all of the standards and procedures in regard to initiating seizure, penalty, or liquidated damages actions;

1

processing and managing such cases; and handling seized property." See Declaration of Joanne Roman Stump & Vaughn Index at 5 ("Stump Decl.").

Herrick's seeks to enjoin Customs from withholding the undisclosed material; Customs claims that the material is exempt under 5 U.S.C. §§ 552(b)(2), (b)(7)(E), and (b)(7)(F) ("Exemption 2," "Exemption 7(E)," and "Exemption 7(F)").[1] Initially, Customs also claimed the applicability of FOIA Exemptions 5 and 7(D),[2] but it has since abandoned these arguments. Customs submitted a Vaughn index and the declaration of Ms. Joanne Roman Stump, the FOIA Appeals Officer and Chief of the Disclosure Law Branch at Customs, and argues that these documents are sufficient to support the exemption claims and to establish that it has undertaken a proper segregability analysis of SAMEPH. Herrick's disagrees. Cross-motions for summary judgment are now pending. For the reasons discussed below, both motions are denied and Customs is ordered to re-file an updated, more specific Vaughn index.

## I. FOIA and Vaughn Index Background

Congress enacted FOIA for the purpose of introducing transparency to government activities. See Stern v. FBI, 737 F.2d 84, 88 (D.C. Cir. 1984). Congress remained sensitive, however, to the need to achieve balance between this objective and the vulnerability of "legitimate governmental and private interests [that] could be harmed by release of certain types

---

[1] The Court will not address the propriety of the Exemption 7(E) and 7(F) withholdings at this time.

[2] Defendant's Motion for Summary Judgment states that Exemption 7(C) was also cited initially. See Def.'s Mot. for Summ. J. at 4. This appears to be a typographical error; thus, the Court will not discuss Exemption 7(C) here.

of information." Critical Mass Energy Project v. Nuclear Regulatory Comm'n, 975 F.2d 871, 872 (D.C. Cir. 1992). Accordingly, FOIA provides for nine exemptions pursuant to which an agency may withhold requested information. See 5 U.S.C. §§ 552(a)(4)(B), (b)(1)-(9).

When an agency asserts a FOIA exemption as the basis for withholding requested information, this Circuit will ordinarily require an agency to produce a Vaughn index, which describes the records, or portions thereof, that the agency has withheld. See Vaughn v. Rosen, 484 F.2d 820, 827 (D.C. Cir. 1973); Edmonds Inst. v. United States Dep't of the Interior, -- F. Supp. 2d --, 2005 WL 2030316 at *1 (D.D.C. 2005) (citing Coldiron v. United States Dep't of Justice, 310 F. Supp. 2d 44, 46 (D.D.C. 2004)). The Vaughn index must include "a description of each document being withheld, and an explanation of the reason for the agency's nondisclosure." Oglesby v. United States Dep't of Army, 79 F.3d 1172, 1176-77 (D.C. Cir. 1996). On a motion for summary judgment, the Vaughn index becomes central not just to the court's determination of whether or not the agency has produced all reasonably segregable portions of the responsive material, as discussed infra in Section IV, but also to the court's determination of whether or not the claimed exemptions are sustained.

**II. Exemption 2**

The purpose of the Vaughn index is to provide fertile ground upon which to germinate the seeds of adversarial challenge. See Nat'l Treasury Employees Union v. United States Customs Serv., 802 F.2d 525, 527 (D.C. Cir. 1986). At minimum, competent adversarial testing requires that the party withholding the information articulate why the information is allegedly exempt. In this case, Customs has withheld information based on Exemption 2. This exemption

applies to two types of material: (1) "high 2" information, which is information that, if disclosed, would risk circumvention of a legal objective, see, e.g., Schiller v. NLRB, 964 F.2d 1205, 1207 (D.C. Cir. 1992); and (2) "low 2" information, which is information relating to internal matters of a trivial, administrative nature, see id.

Customs has made certain withholdings because the information is assigned "low 2" status, and has made other withholdings because the information benefits from "high 2" status. See Def.'s Mot. for Summ. J. at 2. But the Vaughn index does not delineate which of the withheld information is assigned "high 2" as opposed to "low 2" status. The fact that Herrick's has now clarified that it does not seek disclosure of the "low 2" information is of no moment because the Vaughn index's generic descriptions do not enable the Court to reliably discern which Exemption 2 withholdings concern the "high 2" information that Herrick's continues to seek. Thus, the Court cannot so much as determine which information is even subject to the argument that it should be disclosed. Hence, the Vaughn index is inadequate to enable reasoned decision-making. Customs is directed re-file the Vaughn index with specific identifications of "low 2" and "high 2" status for the information that is withheld under Exemption 2.

## II. Previously Claimed Exemption 5 and 7(D) Withholdings

At the outset of this litigation, Customs indicated that certain of its SAMEPH withholdings were rooted in Exemptions 5 and 7(D). Customs has since abandoned those arguments, but the Vaughn index continues to reflect these withholdings. See, e.g., Vaughn Index at 15. To the extent that a designated withholding rests *solely* on a now-abandoned claim of exemption--of which it is impossible for this Court to be certain, because the Vaughn entries

do not articulate which of several exemptions listed for a particular block of material applies to which portions of that material--Customs is directed to disclose the material to Herrick's. If the designated withholdings are justified under another exemption as well, Customs is directed to so specify in its revised Vaughn index.

**III.   Segregability Determination**

A Vaughn index must provide "as much information as possible without thwarting the [asserted] exemption's purpose." King v. United States Dep't of Justice, 830 F.2d 210, 224-25 (D.C. Cir. 1987). Once an agency identifies a document that it believes falls within an exemption, it must undertake a "segregability analysis," in which it separates the exempt material from the non-exempt material and produces the relevant non-exempt information. See Vaughn, 484 F.2d at 825 (stating that "an entire document is not exempt merely because an isolated portion need not be disclosed. Thus the agency may not sweep a document under a general allegation of exemption, even if that general allegation is correct with regard to part of the information."). This segregability assessment is mandated by FOIA itself, which provides that any "reasonably segregable" information in exempt documents must be disclosed after redaction of exempt information, unless the non-exempt portions are "inextricably intertwined" with exempt portions. 5 U.S.C. 552(b); see Trans-Pacific Policing Agreement v. United States Customs Serv., 177 F.3d 1022, 1028 (D.C. Cir. 1999); Mead Data Cent., Inc. v. Dep't of the Air Force, 566 F.2d 242, 260 (D.C. Cir. 1977).

The Vaughn index should contain a description of the segregability analysis, explaining "in detail which portions of the document are disclosable and which are allegedly exempt."

Vaughn, 484 F.2d. at 827; see also King, 830 F.2d at 224 (quotation omitted) (stating that agency should provide a "relatively detailed justification, specifically identifying the reasons why a particular exemption is relevant and correlating those claims with the particular part of a withheld document to which they apply").  Otherwise, the document will not even qualify as a Vaughn index.  See Schiller, 964 F.2d at 1210.  The combination of a comprehensive, reasonably-detailed Vaughn index and an affidavit confirming that a line-by-line review of each document determined that no redacted information could be disclosed will satisfy the agency's obligation.  See Johnson v. EOUSA, 360 F.3d 771, 776 (D.C. Cir. 2002).  The district court must make a specific finding as to segregability.  Id.; see also Trans-Pacific, 177 F.3d at 1028.

      The materials submitted by Customs in this case fall short of the requisite level of specificity.  The Vaughn index consists of a table that lists identifying information associated with the withheld information--such as part numbers and section titles--and describes the type of information withheld, providing the number of pages and claiming allegedly applicable FOIA exemptions for each entry.  With respect to segregability, Ms. Stump's declaration simply states that the SAMEPH "has been reviewed on a line-by-line basis and all segregable portions have been released."  Stump Decl. at 11 ¶ 40.  The Court appreciates Ms. Stump's efforts, but based on the Vaughn index, the Court is confident that Customs must provide a more helpful explanation of its segregability efforts.  See Armstrong v. Executive Office of the President, 97 F.3d 575, 578-79 (D.C. Cir. 1996) (agency must show with "reasonable specificity" that further segregation cannot be done); accord Johnson, 310 F.3d at 796.

For example, from the Vaughn index, the Court cannot be sure that when Customs has chosen to withhold an entire page or section of the SAMEPH, it has not done so even though only a portion of that page or section is exempt from disclosure.  Specifically, in connection with an entire page that constitutes subsection 2.4.11 of the SAMEPH, Customs claims Exemption 2 and states simply:  "[s]ubsection withheld in its entirety pursuant to, (b)(2):  includes note that Customs is reviewing its policy on processing/handling of personal effects, while restating existing administrative guidelines."  Vaughn Index at 12-13.  One problem with this entry is that it provides no explanation as to why the note regarding internal review of Customs policy could not be released.  A careful reading of the entry might support an inference that the "restat[ements of] existing administrative guidelines" are exempt under Exemption 2, but as to the note that Customs is internally reviewing its policy, no rationale is supplied.

Similarly, some entries fail adequately to tie specific portions of the withheld material to the claimed exemptions.  In particular, one entry concerning eight pages released with partial redactions--identified as "[p]art 6 (2.6.1-2.6.4)" and described simply as "[d]estruction"--points to three exemptions for justification of the redactions.  Vaughn Index at 13.  Yet the entry does not provide a statement of how much of the partial redactions rests on which exemption.  It is conceivable that Customs is asserting that all three of the claimed exemptions apply to all of the redacted material, but the Court is left to surmise this on its own.

Many of the descriptions of the type of information withheld also come up short.  For example, withheld material is often described only as "[g]eneral"; sometimes, the entries even supply less guidance by simply saying  "(title redacted)."  See, e.g., Vaughn Index at 26, 28.  One

such "(title redacted)" entry is for a two-page part of SAMEPH that was withheld in full, relying on Exemption 2, because the material constitutes "internal instructions on [internal administrative software] input regarding sorting and management of reports."  <u>Vaughn</u> Index at 28.  The Court can conceive of no readily identifiable nexus between this rationale for the withholding--which appears to be solely administrative, but is not even clearly stated as such-- and the rationale for withholding the title of the part.  Is the title itself really an "instruction[] on [internal administrative software] input regarding sorting and management of reports"?

     For these reasons, the Court is unable, from the <u>Vaughn</u> index, to discern whether or not a satisfactory segregability analysis has been undertaken.  Thus, the Court directs Customs to file a more detailed <u>Vaughn</u> index and, in so doing, to "specifically identify[]. . . the reasons why a particular exemption is relevant and correlat[e] those claims with the particular part of a withheld document to which they apply."  <u>Schiller</u>, 964 F.2d at 1210.  The improved <u>Vaughn</u> index must "specify in detail which portions of the document are disclosable and which are allegedly exempt."  <u>Id</u>. (quoting <u>Vaughn</u>, 484 F.2d at 827).  The new <u>Vaughn</u> filing should also provide slightly more generous descriptions of the withheld material's content.  Only with this more comprehensive and detailed <u>Vaughn</u> index can the Court then conclude whether Customs has shown with "reasonable specificity" that it has satisfied the segregability obligation.

## CONCLUSION

     For the foregoing reasons, the pending summary judgment motions are hereby denied and Customs is ordered to re-file a more specific <u>Vaughn</u> index.  To be sure, the Court will not require an agency to describe the withheld material with such specificity as to result in the

constructive equivalent of actual disclosure.  But the agency must proffer rationales that are detailed enough to allow the party seeking disclosure--and this Court--to undertake a reasoned analysis regarding whether the material is protected under the claimed exemptions.

                                                /s/  John D. Bates
                                                JOHN D. BATES
                                       United States District Judge

Dated:   September 22, 2005

Copies to:

Peter S. Herrick
3520 Crystal View Court
Miami, FL 33133-4025
(305) 858-2332
Fax: (305) 858-6347
Email: pherrick@bellsouth.net
    *Counsel for plaintiff*

Beverly Marie Russell
U.S. ATTORNEY'S OFFICE
Civil Division
555 4th Street, NW
4th Floor
Washington, DC 20530
(202) 307-0492
Fax: (202) 514-8780
Email: beverly.russell@usdoj.gov
    *Counsel for defendant*